UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RYAN T. CARLETON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:22-cv-00080-JAW |
| | ) |
| CO ERIC BEARCE, et al., | ) |
| | ) |
| Defendants. | ) |

### RECOMMENDED DECISION ON MOTION TO REOPEN

This matter is before the Court on Plaintiff's motion to reopen the case. (ECF No. 15). As explained below, following a review of the record, I recommend the Court deny Plaintiff's motion.

### BACKGROUND

On March 30, 2022, Plaintiff commenced this action with the filing of a complaint and a motion to proceed without prepayment of fees and costs. (Complaint, ECF No. 1; Motion, ECF No. 4.) The Court granted Plaintiff's motion. (Order, ECF No. 5.) Plaintiff subsequently amended his complaint. (Motion to Amend, ECF No. 7; Supplement to Complaint, ECF No. 10.) On May 23, 2022, before the Court completed its preliminary review pursuant to 28 U.S.C. §§ 1915 and 1915A, Plaintiff voluntarily dismissed the matter without prejudice. (Notice, ECF No. 14.) Plaintiff now moves the Court to reopen the case

and consolidate the case with other cases Plaintiff previously dismissed but seeks to reopen.[1]

## DISCUSSION

Federal Rule of Civil Procedure 60 authorizes a court to "relieve a party [] from a final judgment, order, or proceeding" based on "(1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party, (4) the judgment is void, (5) the judgment has been satisfied; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A party must file the motion within a reasonable time, and for grounds 1 through 3, the party must file the motion within one year of the judgment. Fed. R. Civ. P. 60(c)(1).

Plaintiff does not assert facts that could reasonably be construed as a mistake, newly discovered evidence, or fraud as grounds for relief. In addition, Plaintiff does not argue any other grounds for relief, including any reason that would qualify as "[an]other reason that justifies relief" under Rule 60(b)(6).[2]

---

[1] The other cases are *Carleton v. Landry*, *et al.,* No. 1:22-cv-00106-JAW and *Carleton v. Young*, *et al.,* No. 1:22-cv-00107-JAW.

[2] Examples of "other" reasons justifying relief under Rule 60(b)(6) include "settlement agreements when one party fails to comply," "fraud by the party's own counsel, by a codefendant, or by a third-party witness," and, most commonly, failure of the losing party "to receive notice of the entry of judgment in time to file an appeal." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure Civ. § 2864 (3d ed. 2012).

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion to reopen the case.[3]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of February, 2023.

---

[3] In his motion, Plaintiff asserted he can "resubmit" the complaint if needed. This recommendation shall not be construed to comment on the merit of Plaintiff's claim or Plaintiff's ability to refile the claim.